Neema T. Sahni (Bar No. 274240)
NSahni@cov.com
J. Hardy Ehlers (Bar No. 287528)
JEhlers@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

*Attorneys for Defendants and Counterclaim Plaintiffs Netflix US, LLC; Netflix Studios, LLC; Netflix CPX, LLC; and Netflix CPX International B.V.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Evil Genius Games, Inc.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Netflix CPX, LLC; Netflix CPX International B.V.,<br><br>　　　　　Defendants. | Case No.: 2:23-cv-08117-MCS-RAO<br><br>**ANSWER OF NETFLIX CPX, LLC AND NETFLIX CPX INTERNATIONAL B.V. TO EVIL GENIUS'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>[*Counterclaims Filed Concurrently Herewith*] |
| Netflix CPX, LLC; Netflix CPX International B.V.; Netflix US, LLC; Netflix Studios, LLC,<br><br>　　　　　Counterclaim Plaintiffs,<br><br>　v.<br><br>Evil Genius Games, Inc.,<br><br>　　　　　Counterclaim Defendant. | |

Defendants Netflix CPX, LLC and Netflix CPX International B.V. (together, "Defendants" or "Netflix") hereby provide their answer ("Answer") to the complaint ("Complaint") of Plaintiff Evil Genius, Inc. ("Plaintiff" or "Evil Genius"). Netflix denies all allegations and characterizations in Evil Genius's Complaint unless expressly admitted in the following paragraphs.

## INTRODUCTION[1]

1. Netflix admits that it contends Evil Genius breached the parties' Overall Merchandising License Agreement ("Agreement"). Netflix admits Evil Genius has filed this action. Netflix denies the remaining allegations and characterizations in paragraph 1.

## PARTIES AND VENUE

2. Netflix admits Evil Genius is a Delaware corporation with its principal place of business in San Mateo, California. Netflix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations in paragraph 2, and therefore denies them.

3. Netflix admits Netflix CPX, LLC is a Delaware limited liability company with its principal place of business located at 5808 West Sunset Boulevard, Los Angeles, California 90028.

4. Netflix admits Netflix CPX International B.V. is an entity organized under the laws of the Netherlands with its principal place of business located at Karperstraat 10, 1075 KZ Amsterdam, the Netherlands.

5. Netflix is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies them.

6. Netflix denies the allegations in paragraph 6.

---

[1] Each paragraph of this Answer corresponds to the same numbered paragraph in Plaintiff's Complaint. The headings in this Answer also mirror the headings used in Plaintiff's Complaint and are reproduced for convenience, but do not constitute an admission of any kind by Netflix.

**JURISDICTION AND VENUE**

7. Netflix denies this Court has subject-matter jurisdiction over Evil Genius's claims as pled in the Complaint under 28 U.S.C. §§ 1331, 1332, and/or 1338, but admits that this Court does have jurisdiction over those claims to the extent they are construed as counterclaims to Netflix's counterclaims, filed contemporaneously herewith.[2]

8. Netflix admits that venue is proper in this Court.

**GENERAL ALLEGATIONS**

*Rebel Moon*

9. Netflix admits Zack Snyder is a successful filmmaker, who has directed or produced the films listed in paragraph 9. Netflix is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 9, and Netflix therefore denies them.

10. Netflix is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and Netflix therefore denies them.

11. Netflix is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and Netflix therefore denies them.

---

[2] The Court typically would not have subject-matter jurisdiction over Evil Genius's claims as pleaded in the Complaint—because (1) they do not seek a remedy expressly granted by the Copyright Act or require an interpretation of the Copyright Act, *see Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003), *Amaru Ent., Inc. v. Heritage Cap. Corp.*, 2022 U.S. Dist. LEXIS 132046, at *3 (C.D. Cal. June 22, 2022) (Scarsi, J.), (2) they do not otherwise assert a claim arising under federal law, and (3) they are not among completely diverse parties. However, the Court does have jurisdiction over Evil Genius's claims to the extent they are construed as counterclaims to Netflix's counterclaims filed contemporaneously herewith, which arise under the Court's federal question and supplemental jurisdiction. *See Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961) (where the court lacks subject-matter jurisdiction over plaintiff's claims as pleaded in the complaint, the district court may exercise subject-matter jurisdiction over defendant's counterclaims with independent jurisdictional basis and further exercise supplemental jurisdiction over plaintiff's claims as counterclaims to defendant's counterclaims); *Wong v. Bacon*, 445 F. Supp. 1177, 1184, 1188-89 & n.8 (N.D. Cal. 1977) (same); *see also* First Defense, ¶ 63, *infra*.

12. Netflix admits Mr. Snyder pitched *Rebel Moon* to certain Netflix affiliates, and those affiliates agreed to distribute the *Rebel Moon* films. Netflix is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 12, and Netflix therefore denies them.

13. Netflix admits certain Netflix affiliates discussed with Mr. Snyder a potential *Rebel Moon* franchise, including the possibility of developing a tabletop roleplaying game. Netflix is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 13, and Netflix therefore denies them.

### *The Agreement*

14. Netflix is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and Netflix therefore denies them.

15. Netflix admits it met with Evil Genius to discuss a potential *Rebel Moon*-themed tabletop roleplaying game. Netflix admits it negotiated an agreement for Evil Genius to license certain of Netflix's intellectual property related to *Rebel Moon* for purposes of developing such a game. Netflix denies the remainder of the allegations and characterizations in paragraph 15.

16. Admit.

17. Netflix responds that the Agreement speaks for itself, denies Plaintiff's characterizations thereof, and otherwise denies the allegations in paragraph 17.

18. Netflix responds that the Agreement speaks for itself, and denies Plaintiff's characterizations thereof. Otherwise, Netflix is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 18, and Netflix therefore denies them.

### *The World Bible, Player's Guide, and Game Master's Guide*

19. Netflix admits that when it and Evil Genius started working together in 2023, certain Netflix affiliates had a complete script for the first two *Rebel Moon* films, and had

completed or substantially completed filming for those films.  Netflix denies the remainder of the allegations and characterizations in paragraph 19.

20. Netflix denies the allegations in paragraph 20.

21. To the extent paragraph 21 purports to quote from a podcast episode, Netflix responds that the podcast speaks for itself and denies Plaintiff's characterizations thereof.  Netflix is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 21, and Netflix therefore denies them.

22. Netflix is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and Netflix therefore denies them.

23. Netflix admits the Agreement's Schedule A states:  "Licensee shall ensure that Licensed Article(s) are available for initial sale to the general public (or end consumers) throughout the Licensed Territory no earlier than December 1, 2023 and no later than January 31, 2024, or according to such other schedule as pre-approved by Licensor in writing."  Otherwise, Netflix is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 23, and Netflix therefore denies them.

24. Netflix admits Evil Genius paid Netflix $7,500.00 in advances pursuant to the Agreement.  Netflix is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 24, and Netflix therefore denies them.

### *The Alleged Breach*

25. Netflix admits it terminated the Agreement by notice dated May 25, 2023.  Netflix admits it terminated the Agreement for reasons that include Evil Genius's breach of the Agreement's confidentiality provisions.  Netflix denies the remainder of the allegations and characterizations in paragraph 25.

26. Netflix admits that on February 13, 2023, it discussed with Evil Genius representatives a potential presentation concerning the *Rebel Moon*-themed tabletop

roleplaying game at the Game Manufacturers Association ("GAMA") Expo in Reno, Nevada. Netflix denies the remainder of the allegations and characterizations in paragraph 26.

27. To the extent paragraph 27 implicates legal conclusions regarding Evil Genius's purported "compliance with the Agreement," no response is required; to the extent a response is required, Netflix responds that the Agreement speaks for itself, and denies Plaintiff's characterizations thereof. Netflix further denies it agreed to disclose the artwork referenced in paragraph 27. Otherwise, Netflix is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 27, and Netflix therefore denies them.

28. Netflix denies any implication in paragraph 28 that it approved of the distribution and/or dissemination of artwork that had not been approved in the manner required by the Agreement, or that it had approved of any game pre-sales being offered at the GAMA Expo. Otherwise, Netflix is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 28—in part because the allegations and terms used therein are vague and ambiguous—and Netflix therefore denies them.

29. To the extent paragraph 29 refers to a podcast appearance by Mr. Snyder dated March 19, 2023, the podcast speaks for itself, and Netflix denies Plaintiff's characterizations thereof. Netflix denies the remainder of the allegations in paragraph 29.

30. Netflix admits that it terminated the parties' Agreement by notice dated May 25, 2023 for Evil Genius's "multiple material breaches of the Agreement," including breach of the confidentiality provisions. To the extent paragraph 30 purports to refer to the contents of a letter sent by Netflix dated May 25, 2023, Netflix responds that the letter speaks for itself and denies Plaintiff's characterizations thereof.

31. To the extent paragraph 31 purports to refer to the contents of a letter sent by Netflix dated June 9, 2023, Netflix responds that the letter speaks for itself and denies

Plaintiff's characterizations thereof. Netflix denies the remainder of the allegations and characterizations in paragraph 31.

32. To the extent paragraph 32 purports to refer to the contents of a written communication by Netflix, Netflix responds that the communication speaks for itself and denies Plaintiff's characterizations thereof. Netflix denies the remainder of the allegations and characterizations in paragraph 32.

33. Netflix admits that in confidential and inadmissible settlement negotiations, it in good faith offered Evil Genius a sum in the amount of $50,000.00. Netflix denies the remainder of the allegations and characterizations in paragraph 33.

34. Netflix admits that it attempted to resolve this dispute before commencement of any litigation, but denies that Evil Genius tried to resolve the dispute "amicably" in light of its failure to engage in meaningful discussions. To the extent paragraph 34 implicates legal conclusions, no response is required; to the extent a response is required, Netflix is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 34, and Netflix therefore denies them.

## FIRST CAUSE OF ACTION

### Breach of Contract

### (Plaintiff against All Defendants)

35. The foregoing paragraphs of Netflix's Answer are incorporated by reference as if set forth in full herein; Netflix repeats and incorporates its Answer to the foregoing paragraphs.

36. Netflix admits the allegations in paragraph 36.

37. Netflix admits the allegations in paragraph 37.

38. Netflix denies the allegations in paragraph 38.

39. Netflix denies the allegations in paragraph 39.

40. Netflix admits that *Rebel Moon* is a new franchise. Netflix denies the remainder of the allegations and characterizations in paragraph 40.

41. Netflix denies the allegations in paragraph 41.

42. Netflix denies the allegations in paragraph 42.

## SECOND CAUSE OF ACTION

## Breach of the Implied Covenant of Good Faith and Fair Dealing

### (Plaintiff against All Defendants)

43. The foregoing paragraphs of Netflix's Answer are incorporated by reference as if set forth in full herein; Netflix repeats and incorporates its Answer to the foregoing paragraphs.

44. To the extent paragraph 44 implicates purely legal conclusions, no response is required.

45. Netflix admits the allegations in paragraph 45.

46. Netflix denies the allegations in paragraph 46.

47. Netflix denies the allegations in paragraph 47.

48. Netflix denies the allegations in paragraph 48.

## THIRD CAUSE OF ACTION

## Quantum Meruit

### (Plaintiff against All Defendants)

49. The foregoing paragraphs of Netflix's Answer are incorporated by reference as if set forth in full herein; Netflix repeats and incorporates its Answer to the foregoing paragraphs.

50. Netflix denies the allegations in paragraph 50.

51. Netflix denies that it requested the referenced "services." Otherwise, Netflix is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 51, and Netflix therefore denies them.

52. Netflix admits it terminated the Agreement in part on the basis of Evil Genius's breach of the Agreement's confidentiality provisions. Netflix denies the remainder of the allegations and characterizations in paragraph 52.

53. Netflix denies the allegations in paragraph 53.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

### (Plaintiff against All Defendants)

54. The foregoing paragraphs of Netflix's Answer are incorporated by reference as if set forth in full herein; Netflix repeats and incorporates its Answer to the foregoing paragraphs.

55. Netflix admits the allegations in paragraph 55.

56. Netflix denies that it "intended that Plaintiff would benefit from the Agreement" other than as set forth in the Agreement, which speaks for itself. Otherwise, Netflix is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 56, and Netflix therefore denies them.

57. Netflix denies the allegations in paragraph 57.

58. Netflix denies the allegations in paragraph 58.

59. Netflix denies the allegations in paragraph 59.

## FIFTH CAUSE OF ACTION

### Declaratory Relief

### (Plaintiff against All Defendants)

60. The foregoing paragraphs of Netflix's Answer are incorporated by reference as if set forth in full herein; Netflix repeats and incorporates its Answer to the foregoing paragraphs.

61. Netflix admits that a dispute has arisen between the parties as to the ownership of the *Rebel Moon* Bible, Player's Handbook, and Game Master's Guide.[3] Netflix admits that it contends that Netflix or certain Netflix affiliates own these works for all of the reasons stated in its concurrently-filed counterclaims. Netflix admits that Evil Genius has

---

[3] To the extent Evil Genius uses "Player's Guide" to refer to a document other than the "Player's Handbook," Netflix also admits that a dispute has arisen as to the Player's Guide.

made the contentions identified in paragraph 61. Otherwise, Netflix is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and characterizations in paragraph 61, and Netflix therefore denies them.

62. Netflix admits that a judicial declaration is necessary and appropriate at this time, for the reasons explained in its concurrently-filed counterclaims. Netflix denies the remainder of the allegations in paragraph 62, including that Evil Genius is entitled to "a declaration that it owns all right, title, and interest to any original works of authorship created by Plaintiff in connection with the Licensed Property."

## EVIL GENIUS'S PRAYER FOR RELIEF

The section of the Complaint titled "Prayer for Relief" sets forth the statement of relief requested by Evil Genius to which no response is required. Netflix denies that Evil Genius is entitled to any relief sought in its Prayer for Relief or otherwise.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 12(b), Netflix, without waiver, limitation, or prejudice, hereby asserts the following defenses:

## FIRST DEFENSE

### Lack of Subject-Matter Jurisdiction

63. The Court lacks subject-matter jurisdiction over Evil Genius's claims as pleaded in the Complaint, unless for jurisdictional purposes only Evil Genius's claims are construed as counterclaims to Netflix's counterclaims filed concurrently herewith. To the extent Evil Genius's claims are construed as counterclaims to Netflix's counterclaims, Netflix concedes the Court has supplemental jurisdiction over Evil Genius's claims under 28 U.S.C. § 1367.

## SECOND DEFENSE

### Failure to State a Claim

64. Evil Genius's Complaint fails to state a claim upon which relief may be granted.

# AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Netflix, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### Breach of Contract by Evil Genius (Failure of Consideration)

65. The Agreement is a contract between Netflix and Evil Genius.

66. Netflix has complied fully with the terms and conditions of the Agreement and fulfilled each obligation on its part to be performed, except for those obligations that have been excused or waived.

67. Evil Genius materially breached the Agreement in a number of respects, as described more fully in Netflix's concurrently-filed counterclaims.

68. Evil Genius's breaches, individually and/or collectively, constituted a failure of consideration sufficient to excuse Netflix's purported nonperformance of obligations under the Agreement.

## SECOND AFFIRMATIVE DEFENSE

### Waiver

69. Evil Genius waived its right to claim Netflix breached the Agreement, including any purported breaches premised on the allegation that Netflix "fail[ed] to deliver the Licensed Property pursuant to Section 1 and Schedule A of the Agreement," as alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### Unjust Enrichment

70. Evil Genius's claims for relief are barred under the doctrine of unjust enrichment.

## FOURTH AFFIRMATIVE DEFENSE

### Unclean Hands

71. Evil Genius's claims for relief are barred under the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### Laches

72. Evil Genius's claims for relief are barred under the doctrine of laches.

## RESERVATION OF AFFIRMATIVE DEFENSES

73. Netflix hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

## NETFLIX'S PRAYER FOR RELIEF

WHEREFORE, Netflix prays as follows:

A. That Evil Genius take nothing by reason of its Complaint, and that judgment be rendered in favor of Netflix;

B. That Netflix be awarded its costs of suit incurred in defense of this action; and

C. For such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Netflix hereby demands a jury trial for all issues so triable.

Dated: November 1, 2023

Respectfully submitted,

By: *Neema T. Sahni*
Neema T. Sahni

Neema T. Sahni (Bar No. 274240)
NSahni@cov.com
J. Hardy Ehlers (Bar No. 287528)
JEhlers@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749